IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANDY CHAFFIN, et al.,

        Plaintiffs,

vs.

        Case No. 01-1110-JTM

STATE OF KANSAS, et al.,

        Defendants.

MEMORANDUM AND ORDER

      This matter is before the court on the application for attorney fees, costs and expenses of the plaintiffs. The background and history of this ADA public accommodation accessibility action are known to the parties, and have been previously set forth by this court in its November 1, 2002 order granting partial summary judgment to plaintiffs (Dkt. No. 123) and by the order of the Tenth Circuit affirming the decision of this court (Dkt. No. 132). Plaintiffs seek expenses and costs in the amount of $18,153.69, and attorney fees in the amount of $129,390 (including $8,730 for the costs of presenting the present application).

      The court has reviewed all of the briefs and evidence, and will award attorney fees to the plaintiffs at the rate of $185 per hour, which is a reasonable fee for work of this type in Hutchinson, Kansas. The plaintiffs' requested rate of $300 per hour finds no support either in the evidence or in the experience of the court. Plaintiff references *Link v. City of Hays*, 268 Kan. 376, 997 P.2d 697

(2000) as supporting a higher fee, but that case is markedly different from the one before the court. The case involved serious disregard of an order of the court, and further the court noted that a larger fee was appropriate in light of the fact that one of the trial counsel was not seeking any fees. The present case involves no such facts, and the court must look to fees which have been awarded in similar litigation in the relevant locality. The burden is on plaintiffs to establish a reasonable rate. *Blum v. Stenson*, 465 U.S. 886 (1984).

Plaintiffs have failed to demonstrate that $300 per hour is a reasonable rate for ADA litigation in Hutchinson, Kansas. To the contrary, the court finds persuasive the affidavit testimony of William B. Swearer, provided by the defendants, who finds that in his experience in the central Kansas area, a reasonable hourly rate ranges between $160 to $210 per hour, or an average of $185 per hour.

Plaintiffs request an award of fees to compensate for 431.3 total hours of time expended by attorney David Calvert, reflecting 402.2 hours in connection with the case itself and 29.1 hours in conjunction with the preparation of the motion for fees and costs. Plaintiffs also seek to recover for an additional 38.0 hours expended by attorney Kirk Lowry in preparing the appeal of the case.

The plaintiffs bear the burden of showing that their fee request is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). An affidavit in support of an application for attorney fees must contain contemporaneous and detailed records of the work performed. *Erickson v. City of Topeka*, 239 F.Supp.2d 1202 (2002). Defendants argue that the hours claimed are excessive in general, and

seek an across the board reduction of 15%. In addition, they contend that the absence of detailed records supports another reduction of 15%.[1]

Having carefully reviewed the application for fees and the accompanying evidence, the court is agrees to an extent with the concerns expressed by defendants. Taken in total, the hours cited by plaintiffs appear excessive. And examined in detail, many of the citations are imprecise, uncertain, and of doubtful merit.[2] The absence of precision or clarity in the plaintiffs' documentation prevents the court from ensuring that the work is indeed recoverable. In the present litigation, plaintiffs have advanced claims under the Rehabilitation Act and under the ADA seeking vertical integration. Those claims have been rejected. The court's review of the fee request, however, indicates that these rejected claims underlay no small amount of the hours claimed. Defendants correctly note in reference to the work claimed for attorney Lowry that Lowry has not submitted a signed affidavit regarding the work, and has not submitted detailed and contemporaneous time records. Given the consistent failure of plaintiffs' application to meet the standards of proof, the court believes that a reduction of the total claimed attorney hours (469.3 hours) by 25% is appropriate. The court finds that an award based on 352 hours of attorney time is reasonable in light of the evidence presented to the court, the nature and difficulty of the case, and the actual results obtained.

---

[1]The court having imposed simultaneous briefing requirements on the parties, the defendants' response argues against an award reflecting an expenditure of 372.10 hours, and defendants suggest that the 30% reduction would render "a more reasonable 260 hours." (Resp. at 18). Defendants' brief is premised on the June 3, 2004 Statement of Fees and Expenses by attorney Calvert. Plaintiffs' brief includes claims for additional hours not reflected in document.

[2]Defendants cite some sixteen instances in which particular items are unclear, excessive, unnecessary, or not recoverable. (Resp. at 20-24). The court finds that the cited objections are merited.

Plaintiffs seek recovery for litigation expenses and costs in the amount of $18,153.69. Defendants argue that $1,598.15 in costs are appropriate. Defendants contend that many of the expenses claimed by plaintiffs are not taxable as costs under 28 U.S.C. § 1920.

Travel expenses are generally unrecoverable under § 1920. *Meredith v. Schreiner Transport, Inc.*, 814 F.Supp. 1004, 1006-07 (D.Kan. 1993). Computer-assisted research and delivery expenses are not properly recoverable under § 1920. *Albertson v. IBP Inc.*, 1997 WL 613301, at *1-*2 (D.Kan.1997). Photocopies necessarily obtained for use in the case come within § 1920(4) and may be taxed. *Ortega v. IBP, Inc.*, 883 F.Supp. 558, 561 (D.Kan.1995). However, federal courts in Kansas deny taxation of postage costs based upon a lack of statutory authority in 28 U.S.C. § 1920. *See Ortega*, 883 F.Supp. at 562. Because "there is no reference in § 1920 to long distance charges, federal express and/or certified mail expenses, general office expenses, expenses for traveling to a deposition, or electronic research expenses ... such costs are not taxable." *Seldon v. Vermonty*, 237 F.Supp.2d 1270 (D. Kan. 1970). Further, expert witness fees are ordinarily not recoverable under § 1920. *Miller v. Cudahy Co.*, 858 F.2d 1449 (10th Cir. 1988). Instead, the recovery is limited by statute to the per diem rate of reimbursement for all witnesses. *Meredith v. Schreiner Transport*, 814 F.Supp. 1004, 1005 (D.Kan.1993).

Given these rules, if the court were limited to awarding costs under § 1920, the court would be required to bar recovery for the following particular itemized costs (a total of $1449.97) under § 1920:

| Date | Amount | Description |
|---|---|---|
| 1/10/01 | $35.65 | Travel/Lodging |
| 5/25/01 | 35.53 | Travel/Lodging |
| 5/31/01 | 12.55 | Meal |
| 6/20/01 | 48.00 | State Fair Tickets |

| Date | Amount | Description |
|---|---:|---|
| 7/16/01 | 57.55 | Travel/Lodging |
| 7/18/01 | 9.01 | Meal |
| 12/21/01 | 56.70 | Computer-assisted research |
| 12/21/01 | 178.00 | Computer-assisted research |
| 4/12/02 | 63.56 | Travel/Lodging |
| 5/11/02 | 72.62 | Computer-assisted research |
| 1/14/03 | 38.93 | Postage |
| 2/10/03 | 23.90 | Postage |
| 2/25/03 | 20.18 | Computer-assisted research |
| 9/12/03 | 52.58 | Travel/Lodging |
| 9/12/03 | 246.50 | Travel/Lodging |
| 9/12/03 | 150.00 | Travel/Lodging |
| 9/18/03 | 35.51 | Travel/Lodging |
| 9/18/03 | 68.06 | Travel/Lodging |
| 11/20/03 | 13.67 | Travel/Lodging |
| 2/19/04 | 42.40 | Travel/Lodging |
| 9/20/04 | 49.00 | Travel/Lodging |
| 1/18/05 | 140.10 | Postage |

However, the powers, remedies and procedures in 42 U.S.C. § 2000e-5 are available in ADA actions. See 42 U.S.C. § 12117(a). As a result, in an ADA action, the court may in its discretion allow the prevailing party a reasonable attorney's fee, including expert fees, as part of the costs. 42 U.S.C. § 2000e-5(k). *See also* 42 U.S.C. § 12205; 28 C.F.R. § 35.175. As a result, "under the ADA," a plaintiff "may be reimbursed for litigation expenses not taxable as costs under 28 U.S.C. § 1920." *Benson v. Northwest Airlines,* 1997 WL 122897 (D.Minn. 1997). In this context, litigation expenses can include travel and telephone costs normally excluded from recovery by § 1920. *See Northcross v. Bd. of Ed. of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir.1979). *See also Corbett v. National Products*, No. 94-2652, 1995 WL 284248 (D.E.Pa. May 9, 1995) (holding "Section 12205's allowance of 'litigation expenses' is much broader than the provisions of § 1920, and thereby authorized recovery for expert witness fees, computerized research, and other litigation expenses such

as telephone, postage, messenger service, and travel"). Given the broader reach of the statutory authorization for actions under the ADA, the court finds that the costs cited by plaintiffs are adequately itemized and reasonably related to the advancement of the litigation. The court will not disallow any of the requested costs solely on the grounds that they are not awardable as costs under § 1920.

The largest portion of the plaintiffs' fee request is contained in two items: $10,967.16 for the expert report prepared by Kent Johnson, and a subsequent $750 for his evaluation of the 2004 State Fair Transition Plan, and the defendants additionally challenge the fee requests as exorbitant. Johnson submitted two documents which might be considered reports: a December 19, 2001 State Fair Grandstand Accessibility Survey Report (Plf. Exh. 4), and a May 25, 2001 Accessibility Survey Report. The first is under three pages long; the second is twenty-two. The December report is largely composed of bibliographic citations to reference works and ADA guidelines; Johnson's opinion is restricted to one paragraph. The May report is longer, but is mostly comprised, a full sixteen pages, of enlarged photographs of the State Fair grandstand area, generic excerpts from the "ADAAG Manuel" [sic], or some combination of the two. The plaintiffs have not demonstrated any necessity for the February 2004 review by Johnson of the State Fair Transition Plan, which had already been ordered by the court, and which was approved, and would have been approved, without any input by Johnson.

The court does not believe that the defendants' approach — which focuses on the length (or lack thereof, noting that Johnson's reports would come at approximately $480 per page) — is the controlling measure of the reasonableness of the fee requested. The court believes that the claimed reimbursement rate for plaintiffs' expert (in almost all of the cited items billed at $100 per hour) is reasonable. The court is unable, however, to determine that the requested fee is reasonable in light of

6

the results obtained. The court notes that Johnson claims to have expended some 75 hours in connection with the present case. The court finds that this expenditure is not reasonable in light of the nature of the case, and the results obtained.

While ADAAG guidelines are quite detailed in nature and even intimidating to a lay person, an expert or putative expert should have some prior working knowledge of them. Further, once identified, the application of the guidelines is straightforward. (See, e.g., Accessibility Survey Report, noting that existing landings are four feet by four feet, stating that ADAAG regulations require landings of 60 inches by 60 inches, and duly recommending that the landings "be enlarged to a minimum of 60 inches by 60 inches." Plf. Exh. 2, at 21). The court concludes that an expert in ADA constructions could have fully reported on the conditions at the State Fair expending no more than 25 hours. The court finds that reimbursement for Johnson's travel expenses on May 24 and 25, 2001 were appropriate and necessary for personal inspection of the State Fair grandstand. Subsequent travel was not justified in light of the circumstances of the case.

The court therefore will allow plaintiffs to recover $2,500 in costs relating to the expert reports, together with $1,537.08 reflecting the costs of travel. Plaintiffs are therefore awarded $4,034.08 in costs for employing the services of the expert Johnson. Coupled with the $6,436.53 in other costs awardable under the ADA, the court grants total costs to plaintiffs in the amount of $10,470.61. The court awards attorney fees to plaintiffs in the amount of $65,120, reflecting a reasonable attorney charge of 352 hours and a reasonable local rate of $185 per hour.

Plaintiffs also seek an award of interest on the award of attorney fees and the expert witness fees, running from either the date of the restraining order, the date of the injunction, or the date of the

resolution of the appeal. Defendants' response is silent as to the issue of interest. The court finds that an award of interest on the attorney fees is appropriate, running from the date October 28, 2003, the date of the decision by the Court of Appeals. Plaintiffs cite to no authority for an award of prejudgment interest to any one particular element of their costs and expenses, here, an expert witness fee. The award of interest shall apply only to the award of attorney fees.

The court also finds that defendants' motion for extension of time to file supplemental report (Dkt. No. 147) should be granted.

Defendants have also moved to strike the expert opinion of Daniel Sevart. (Dkt. No. 153). The court finds defendants' motion is without merit, and the court finds it is able to reach correct and necessary conclusions as to the appropriate attorney fees in the action without striking the opinion of Mr. Sevart.

IT IS ACCORDINGLY ORDERED this 17th day of February, 2005 that the plaintiffs' Motion for Attorney Fees, Costs, Litigation Expenses, and Interest (Dkt. No. 150) is granted and plaintiffs are awarded $75,590.61 in total costs and fees, as provided herein. Defendants' Motion to Extend Time (Dkt. No. 147) is granted; defendants' Motion to Strike (Dkt. No. 153) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
