IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANDY CHAFFIN, et al.,
Plaintiffs,

vs.

STATE OF KANSAS, et al.,
Defendants.

Case No. 01-1110-JTM

MEMORANDUM AND ORDER

This matter is before the court on the plaintiffs' Motion for Reconsideration of the court's order of February 17, 2005, granting plaintiffs' motion for attorney fees. The court finds no clear error, manifest injustice, or abuse of discretion in affixing the amount of attorney fees granted by the prior order, and hereby denies plaintiffs' Motion for Reconsideration.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484

(10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

At the teleconference hearing held on November 16, 2004, the court found the defendants' ADA Self Evaluation and Transition Plan complied with the orders of the court, and stated that vertical dispersion of upper level seating at the State Fair Grandstand was not required by the ADA. As a result of this ruling, the only issue remaining in the case was that of plaintiffs' attorney fees and expenses. At the direction of the court, the parties submitted memoranda on that issue, and the court issued its decision on February 17, 2005, holding that counsel for plaintiffs should receive an award for 352 hours of work at $185 per hour. In reaching this conclusion, the court expressly noted that "the hours cited by plaintiffs appear excessive" and that when those claims were "examined in detail, many of the citations are imprecise, uncertain, and of doubtful merit." (Dkt. No. 157 at 7).

Plaintiffs' Motion for Reconsideration fails to meet the standard for such relief. Plaintiffs fail to show that the many well-after-the-fact and ambiguous records were not in fact timely, clear, and precise, and never show in any way how the court erred in concluding that the poor quality of the documentation frustrated any attempt to "ensur[e] that the work is indeed recoverable." (Id., at 3). The plaintiffs fail to show that the court erred in rejecting plaintiffs' request for an award based upon a fee rate of $300 per hour. *Gates v. Deukmejian*, 987 F.2d 1392 (9thCir. 1992), a case from outside the Tenth Circuit, does not support a different result. As the court has noted, (Dkt. No. 157, at 7), the present case involves the relatively "straightforward"application of ADAAG guidelines to a public accommodation. From a legal standpoint, the case is no more nor less complex than other types of civil rights litigation, for which an attorney hourly rate of $300 per hour would be remarkable.

Plaintiffs have utterly failed to show an authority authorizing anything like such a fee award for comparable litigation. To the contrary, the relevant case law from this district consistently shows fee awards at the same level as that granted by this court in its earlier order. *See, e.g., Bell v. Board of County Commissioners of Jefferson County*, Slip op., 2005 WL 361510 (D. Kan. February 15, 2005) (awarding fee based on hourly rate of $180 per hour). Given the failure of the plaintiffs to provide evidence that a higher fee would be reasonable, the nature of the legal work involved, the failure of the plaintiffs on a substantial issue in the litigation (vertical integration), and the clearly excessive fee amount requested in association with expert Kent Johnson's report, the court's earlier fee award was not erroneous.

Plaintiffs also argue that the court failed to include in the award compensation for the 38 hours of work of Mr. Lowry. This is incorrect. The court's order manifestly includes those 38 hours within the total of 469 attorney hours, that is, the 431 hours claimed by Mr. Calvert along with the hours of Mr. Lowry. (Dkt. No. 157 at 3). The documentation by Mr. Lowry shares many of the same deficiencies as that submitted by lead counsel, and there is an equal absence of evidence for any fee award higher than $185 per hour. Neither counsel has supplied any evidence that their typical fee approached that requested here. No adjustment in the award is appropriate.

Defendants note in their response to the Motion for Summary Judgment that Mr. Lowry participated in the present action as counsel for the Topeka Independent Living and Resource Center (TILRC), and propose to pay the portion of the fee award representing his work ($5,272.50, or 38 hours less the 25% reduction, times $185 per hour) directly to the TILRC. Plaintiffs have submitted no objection to the proposal, and the court finds such a payment appropriate.

IT IS ACCORDINGLY ORDERED on this 21st day of June, 2005, that the plaintiffs' Motion for Reconsideration (Dkt. No. 158) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE